**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5068**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARSIMRAT SINGH,

Defendant - Appellant.

---

**No. 04-5091**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDHIR SINGH KHANGURA,

Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-03-94)

---

Submitted: August 31, 2005        Decided: October 4, 2005

---

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina; James D. Williams, Jr., LAW OFFICES OF JAMES D. WILLIAMS, JR., Durham, North Carolina, for Appellants.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellants Harsimrat Singh and Randhir Singh Khangura appeal their thirty-seven month sentences imposed after they pled guilty to possession with the intent to distribute marijuana, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B) (2000). Citing the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Appellants argue that the district court erred when it treated the guidelines as mandatory and not advisory. We affirm.

Assuming without deciding that the Appellants' objection in the district court, based on Blakely, was sufficient to properly preserve this issue, the Government would bear the burden of establishing that any error is harmless. See United States v. Booker, 125 S. Ct. 738, 769 (2005) (noting that appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required); Fed. R. Crim. P. 52(a) (stating that an appellate court may disregard any error that does not affect substantial rights). The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003); United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). Affecting substantial rights means that the error affected the outcome of the proceedings. Stokes, 261 F.3d at 499. An error in sentencing may be disregarded if the reviewing court is certain

- 3 -

that any such error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

Because the Appellants qualified for the "safety valve" reduction, pursuant to the U.S. Sentencing Guidelines Manual, § 5C1.2 (2003), the district court sentenced them to a sentence well below the statutory mandatory five-year sentence which would otherwise have been applicable in their case. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."). Thus, we conclude that any error under Booker is harmless.

Accordingly, we affirm the Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED